**HOME TRANSFER & STORAGE CO.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants.**

**Consolidated Freightways, Inc., et al., and Exley Produce Express, Inc.,**
**Intervenors.**

**No. 159.**

United States District Court
W. D. Washington, N. D.,
at Bellingham.

May 7, 1956.

John M. Hickson, Portland, Or., Ruben C. Youngquist, Mt. Vernon, Wash., for plaintiff, Home Transfer & Storage Co.

Charles P. Moriarty, U. S. Atty., Edward J. McCormick, Jr., Asst. U. S. Atty., Seattle, Wash., for defendant United States.

Robert W. Ginnane, Gen. Counsel, Charlie H. Johns, Jr., Asst. General Counsel, Washington, D. C., for defendant Interstate Commerce Commission.

Henry T. Ivers, Seattle, Wash., Donald A. Schafer, William B. Adams, Portland, Or., for intervenors Consolidated Freightways, Inc., Los Angeles-Seattle Motor Express, Inc., and West Coast Fast Freight, Inc.

James T. Johnson, Seattle, Wash., for additional intervenor, Exley Express, Inc.

Before BONE, Circuit Judge, BOWEN, Chief Judge, and LINDBERG, District Judge.

PER CURIAM.

In this action plaintiff Home Transfer & Storage Co., a corporation, asks this statutory 3-Judge Court, 28 U.S.C.A. § 2325, to enjoin, set aside, cancel and annul an order of the Interstate Commerce Commission requiring plaintiff to cease and desist from the transportation of frozen fruits and frozen vegetables between points in Washington and California.

The complained of order was issued by the Interstate Commerce Commission in its Cause No. MC–C–1562 entitled Home Transfer & Storage Co., Inc.,—Investigation of Operation, wherein the Commission investigated plaintiff's operations pursuant to the Commission's authority under Sections 204(c) and 212 (a) of the Interstate Commerce Act. 49 U.S.C.A. §§ 304(c), 312(a). That investigation matter was assigned for hearing before a Joint Board composed of representatives of the States of Washington and Oregon.

Both the Joint Board which heard the matter and Division Five of the Commission which reviewed it found that the plaintiff's operations in the transportation of frozen fruits and frozen vegetables between points in Washington and California violated the Motor Carriers Act, 49 U.S.C.A. § 301 et seq., because between those points plaintiff without authority transported for hire frozen fruits and frozen vegetables. Plaintiff, however, before the Commission contended and now contends that, as to Commission regulation of certificate and rates, those products are exempt as agricultural commodities as provided by 49 U.S.C.A. § 303(b) (6), which in pertinent part provides as follows:

"Nothing in this chapter * * * shall be construed to include. * * *

"(6) motor vehicles used in carrying property consisting of ordinary livestock, fish (including shell fish), or *agricultural* (including horticultural) *commodities (not including manufactured products thereof)*, * * *." (Italics supplied.)

The defendants United States of America and the Commission contend that frozen fruits and frozen vegetables are not agricultural commodities, but are non-exempt manufactured products thereof within the meaning of said Section 303(b) (6). The intervenors support such defendants' contention.

At the hearing before Joint Board No. 5 the following fresh fruits and vegetables were listed among those subject to the quick freeze processing here in question: Fruits: Raspberries, strawberries, and peaches. Vegetables: Garden peas, cauliflower, asparagus, spinach, broccoli, corn, green beans, brussels sprouts, butter beans, rhubarb and carrots.

Generally speaking, the quick freeze processing here contended by defendants to create non-exempt "manufactured products" is as follows: To all fruits are added sugars and sirups, and to only peaches ascorbic acid also is added. Vegetables are washed, then blanched by heating them to temperatures high enough to kill the enzymes and then reduced to near zero temperature and uniformly kept that way. Stalky vegetables are sometimes split and less frequently a core is removed to facilitate blanching. Rhubarb is the only vegetable not so blanched, but to it sugar is added. The requirement of uniform maintenance of near zero temperature after the quick freeze processing applies to all fruits and vegetables.

The sole remaining question for decision in this case, therefore, is: Are frozen fruits and frozen vegetables agricultural commodities or manufactured products thereof?

Up to the present time no judicial decision directly deciding that specific question has been cited by counsel in this.

case, nor is the Court advised of any such decision. So far as we know, this case marks the first time a Court has been asked to determine such specific question.

We here mention some previous cases which although not involving ordinary farm fruits and vegetables are helpful in our determining whether the processing in this case converted agricultural commodities into "manufactured products thereof".

In Rieck-McJunkin Dairy Co. v. Pittsburgh School District, 1949, 362 Pa. 13, 66 A.2d 295, and in City of Louisville v. Ewing Von-Allmen Dairy Co., 1937, 268 Ky. 652, 105 S.W.2d 801, it was held that the pasteurization of milk by subjecting it to a high, bacteria killing temperature and subsequently to chilling temperature did not change the nature of milk and that it remained milk despite pasteurization which was not manufacturing.

In Union Truck Terminal, Inc., v. Perlstein, La.App., 52 So.2d 315, it was held that the peeling and grating of, and adding sugar and acid to, bananas, and quick freezing them and storing them in cans in order to prevent them from perishing did not constitute "manufacturing", since the grated product of bananas was still bananas.

Counsel have furnished us with advance copies of, and with their approval we have since oral argument awaited, the decision of the case of East Texas Motor Freight Lines, Inc., v. Frozen Foods Express, 76 S.Ct. 574, 576, which was the latest Supreme Court decision involving exemptions of agricultural commodities (not manufactured products thereof) under the provisions of 49 U.S.C.A. § 303(b) (6) (Sec. 203 of Part II, I.C. Act, Motor Carriers). There by a 5–4 decision April 23, 1956, that Court held that fresh and frozen dressed poultry is not a "manufactured product" within the meaning of 49 U.S.C.A. § 303(b) (6).

In that case in its third paragraph, the Court majority said:

"The exemption of motor vehicles carrying 'agricultural (including horticultural) commodities (not including manufactured products thereof)' was designed to preserve for the farmers the advantage of low-cost motor transportation. * *. The victory in the Congress for the exemption was recognition that the price which a farmer obtains for his products is greatly affected by the cost of transporting them to the consuming market in their raw state or after they have become marketable by incidental processing."

In the fifth paragraph of that decision, the Court majority said:

"It is plain from this change [made in the wording of the Bill by House floor amendment] that the exemption of 'agricultural commodities' was considerably broadened by making clear that the exemption was lost not by incidental or preliminary processing, but by manufacturing. * * *. The ginned and baled cotton and the cottonseed (admittedly not a manufactured product), as well as the dressed chicken, have gone through a processing stage. But neither has been 'manufactured' in the normal sense of the word. * *."

In the eighth and ninth (last two) paragraphs of that decision, the Court (majority opinion) said:

"At some point processing and manufacturing will merge. But where the commodity retains a continuing substantial identity through the processing stage we cannot say that it has been 'manufactured' within the meaning of § 203(b) (6).

"The Commission is the expert in the field of transportation. And its judgment is entitled to great deference because of its familiarity with the conditions in the industry which it regulates. (Citing.) * * * But Congress has placed limits on its statutory powers; and our duty on judicial review is to determine those limits. (Citing.) * * * Those limits would be passed here if the Commission were permitted to expand 'manufactured' to include

such incidental processing as is involved in dressing and freezing a chicken."

Although that Supreme Court decision of April 23, 1956 containing the above quoted statements did not involve frozen fruits and vegetables, as does this one, we think, in the absence of other Supreme Court action controlling ours, that the quoted statements of that Court in that case inescapably apply and guide us to similar conclusions on the facts of this case and to our decision against the validity of the Commission's order under attack here.

The processing of fresh fruits for quick freezing in this case is essentially nothing but adding sugars, sirups, and as to peaches ascorbic acid, to better preserve the fruits and improve their color and taste. Nothing but slicing of the fruit affects its physical form. The processing of fresh vegetables for quick freezing is to heat them, in some instances after first splitting them to hasten heat action, sufficiently to kill the enzymes, and then to follow with the desired degree of freezing. Although this process may produce noticeable discoloration, or may divide a stalky variety into two or more parts, nothing is done to otherwise change the form of the vegetables. In other respects than those mentioned, these processed fruits and vegetables remain essentially in the same shape and form as non-processed fruits and vegetables.

Such results of the processing here make applicable to the facts of this case the above quoted Supreme Court statement in its April 23, 1956 decision that:

"But where the commodity retains a continuing substantial identity through the processing stage we cannot say that it has been 'manufactured' within the meaning of § 203(b) (6)".

The order of the Commission as to frozen fresh fruits and frozen fresh vegetables should, therefore, not stand. Said order in so far as it limits plaintiff's right to transport for hire frozen fresh fruits and frozen fresh vegetables is set aside and the case is remanded to the Interstate Commerce Commission with instructions that the Commission shall take such action as to it shall seem proper and in accord with this opinion.