**FROZEN FOOD EXPRESS**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

**Civ. A. 8285.**

United States District Court
S. D. Texas, Houston Division.

Dec. 31, 1956.

Phinney & Hallman (Carl L. Phinney) Dallas, Tex., for plaintiff.

Walter D. Matson, U. S. Dept. of Agriculture, Washington, D. C., for U. S. Dept. of Agriculture.

James H. Durkin, U. S. Dept. of Justice, Washington, D. C., for the United States.

Leo H. Pou, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Peter T. Beardsley, Washington, D. C., for American Trucking Ass'ns, Inc.

Dale C. Dillon, Washington, D. C., for Common Carrier Conference-Irregular Route and Contract Carrier Conference.

Carl Helmetag, Philadelphia, Pa., and James W. Nisbet, Chicago, Ill., for Class I Railroads.

Before HUTCHESON, Chief Circuit Judge, and CONNALLY and KENNERLY, District Judges.

CONNALLY, District Judge.

The history of this litigation and the issues which it raises are fully reflected in the opinion of this Court on original submission, 128 F.Supp. 374, to which reference is here made. Our dismissal of the action on that occasion, on the ground that the challenged order of the Interstate Commerce Commission was one not subject to judicial review, was reversed by the Supreme Court, 351 U.S. 40, 76 S.Ct. 569, and the action remanded for consideration on the merits. This requires a review of the action of the Interstate Commerce Commission in classifying the many commodities enumerated in the petition of the Plaintiff, or in the intervening petition of the Secretary of Agriculture, as "agricultural commodities" (in which event under § 303 (b) (6) of Title 49 U.S.C.A. their carriage by a motor carrier is substantially free from ICC regulation and control), or as "manufactured products" of agricultural commodities, in which event they enjoy no such exemption.

The commodities enumerated in Plaintiff's complaint, classification of which we are called upon to review are: slaughtered cattle; fresh meat; meat products; frozen whole eggs; dried egg powder; dried egg yolks; cottage cheese; cream cheese; clean rice; rice bean; rice polish; pasteurized milk; fresh cut up vegetables in cellophane bags; fresh vegetables washed, cleaned and packaged in cellophane bags or boxes; fruits or vegetables (quick frozen); shelled peanuts; peanuts shelled ground; killed and picked poultry (although not drawn); rolled barley; butter; cottonseed meal; cottonseed hulls; beans (packaged, dried artificially or packed in small containers for retail trade); fruits and vegetables canned; dried fruits (dried mechanically or artificially); peaches peeled, pitted

and placed in cold storage in unsealed containers; strawberries canned in syrup in unsealed containers and placed in cold storage; milk condensed; milk, skimmed, vitamin D; milk, powdered; buttermilk; feathers; frozen meat; frozen dressed poultry.

Those raised by the petition in intervention of the Secretary of Agriculture are as follows: frozen milk and cream; cotton linters; chopped hay; seeds, deawned or scarified; redried tobacco leaves.

Since this action was here before, recent decisions have removed the uncertainty surrounding a number of these commodities. In the related case of East Texas Motor Freight Lines, Inc., v. Frozen Food Express, D.C., 128 F.Supp. 374, at page 379, we considered slaughtered cattle, fresh and frozen meat and meat products to be non-exempt, from which portion of the judgment in that proceeding no appeal was taken. Our holding that fresh and frozen dressed poultry was exempt was affirmed, 351 U.S. 49, 76 S.Ct. 574, 577, wherein the Supreme Court announced the so-called "continuing substantial identity" test, quoting from Anheuser-Busch Brewing Ass'n v. U. S., 207 U.S. 556, at page 562, 28 S.Ct. 204, 52 L.Ed. 336:

> " ' * * * Manufacture implies a change, but every change is not manufacture, and yet every change in an article is the result of treatment, labor, and manipulation. But something more is necessary, as set forth and illustrated in Hartranft v. Wiegmann, 121 U.S. 609, 7 S.Ct. 1240, 30 L.Ed. 1012. There must be transformation; a new and different article must emerge, "having a distinctive name, character, or use." ' "

and saying

> "At some point processing and manufacturing will merge. But where the commodity retains a continuing substantial identity through the processing stage we cannot say that it has been 'manufactured'

within the meaning of § 203(b) (6)."

Applying this most recent test, a three judge District Court of the District of New Jersey in Consolidated Truck Service, Inc. v. U. S., 144 F.Supp. 814, held that shelled, raw nuts were exempt, and that the incidental processing to which they were subjected, namely, shelling, drying, cleaning, polishing, bleaching, grading, sorting and refrigerating, did not constitute manufacture. And the District Court for the Western District of Washington held frozen fruits and vegetables to be exempt in Home Transfer & Storage Company v. U. S., 141 F. Supp. 599. This holding was affirmed, without opinion, by the Supreme Court November 5, 1956. I. C. C. v. Home Transfer & Storage Co., 352 U.S. 884, 77 S.Ct. 129, 1 L.Ed.2d 82.

Prior to this action by the Court, frozen fruits and vegetables had become a particular bone of contention in the prolonged struggle over the extent and scope of the agricultural exemption. There is a heavy volume of motor carrier traffic in this commodity. The processing to which the fresh product is subjected, after leaving the farmers' hands and before appearing in the familiar frozen-food carton on the grocers' shelves, is extensive and complicated. In holding frozen fruits and vegetables to be exempt, the Home Transfer case has gone far toward settling the entire controversy in favor of the liberal interpretation of the exemption urged by the farming interests, the Department of Agriculture, and those motor carriers (as the Plaintiff) who seek to avoid ICC control in the carriage of these commodities.

With this background, the following commodities, of agricultural origin, having undergone some processing but retaining their original identity, we hold exempt: frozen whole eggs; dried egg powder; dried egg yolks; clean rice; rice bean; rice polish; pasteurized milk; fresh cut up vegetables in cellophane bags; fresh vegetables washed, cleaned

and packaged in cellophane bags or boxes; fruits or vegetables (quick frozen); shelled peanuts; peanuts shelled ground; killed and picked poultry (although not drawn); rolled barley; cottonseed hulls; beans (packaged, dried artificially or packed in small containers for retail trade); dried fruits (dried mechanically or artificially); peaches peeled, pitted and placed in cold storage in unsealed containers; strawberries canned in syrup in unsealed containers and placed in cold storage; milk, skimmed, vitamin D; milk, powdered; buttermilk; feathers; frozen milk and cream; cotton linters; chopped hay; seeds, deawned or scarified; redried tobacco leaves.

For the reason set forth in our opinion Frozen Food Express v. U. S., 128 F.Supp. 374, at page 379 et seq., we hold to be non-exempt the following: slaughtered cattle; fresh meat; meat products. We likewise hold non-exempt, under the evidence which deals with commercial creamery products, as "manufactured products" of agricultural commodities, the following: cottage cheese; cream cheese; butter; cottonseed meal; fruits and vegetables canned; milk condensed. Each of these products has acquired a new identity, with new properties, and is devoted to new and different uses than its original principal ingredient. As result of combination with other constituents, of treatment and processing by varied types of machinery and equipment, a new product has emerged. If the semanticist urges that a can of peaches or of condensed milk may not properly be described as a "manufactured product", it may well be that these items illustrate the point at which processing merges with manufacturing.[1]

Except to the extent noted above, the determination, classification, and order of the Interstate Commerce Commission holding commodities hereinabove enumerated to be non-exempt are not in accord with law, and the enforcement thereof will be enjoined.

Clerk will notify counsel.

---

1. In the Determination Proceedings before the Interstate Commerce Commission, no exception was taken to the holding that canned goods were exempt. Here, the United States (through the Department of Justice), the Secretary of Agriculture, the Interstate Commerce Commission and all other defendants and intervenors urge that canned goods are non-exempt. Only the plaintiff contends to the contrary.