**INTERSTATE COMMERCE COMMISSION, Plaintiff,**

v.

**Lyle W. SCHAETZEL, an individual doing business as Schaetzel Trucking Company**

**and**

**The Borden Company, Inc., Defendants.**

**No. 70–C–391.**

United States District Court,
E. D. Wisconsin.

Jan. 25, 1972.

---

**1346**

Walter J. Alprin, Regional Counsel I. C. C., Chicago, Ill., for plaintiff.

William C. Dineen, Milwaukee, Wis., for Schaetzel.

Shea, Hoyt, Greene, Randall & Meissner, by Hamilton Hoyt, Milwaukee, Wis., for Borden Co.

## OPINION

MYRON L. GORDON, District Judge.

In this opinion, the court will consider whether lactose and Culturemate constitute exempt agricultural commodities so that they could be transported in interstate commerce by the defendant, Schaetzel Trucking Company, even though the latter does not have a permit from the interstate commerce commission.

The parties have agreed that no formal trial of this case is needed. A written stipulation has been filed, and it resolves all of the factual issues. The court must determine whether the two transported products come within the exemption of 49 U.S.C. § 303(b) (6). The latter section relates to the transportation of commodities and exempts "agricultural (including horticultural) commodities (not including manufactured products thereof) . . . ." Section 322(b) (1) authorizes this court to restrain violations of this statute by motor carriers and those acting in concert with them.

The general standards to be applied in resolving the challenged exemption in the case at bar are to be found in the cornerstone case of East Texas Motor Freight Lines v. Frozen Food Express, 351 U.S. 49, 54, 76 S.Ct. 574, 577, 100 L.Ed. 917 (1956), where the court asserted that a commodity is not to be considered "manufactured" within the terms of the exemption if it "retains a continuing substantial identity through the processing stage." The Supreme Court went on to explain, however, that if a different article emerges, having a distinctive name, character, or use, then the resultant commodity is a "manufactured" product. Thus, "incidental or preliminary processing" does not result in a loss of the exemption; but "manufacturing" does deprive the commodity of its exemptions. For example, the Supreme Court explained that milk does not lose its agricultural exemption merely because of "pasteurizing, homogenizing, adding vitamin concentrates, standardizing, and bottling."

In my opinion, applying the foregoing test, Culturemate has lost its original characteristics and has been manufactured into a new product, whereas lactose

has retained its substantial identity, notwithstanding the processing changes.

■ Paragraph 5 of the stipulation discloses that Culturemate consists of "non-fat dry milk powder which sub-stance comprises between 85% and 90% by weight of the product." The remaining 10% or 15% of the product consists of dry phosphate salts, dry pancreas extract, and "small amounts of other discretionary products such as dextrose or whey powder." In my judgment, the addition of this substantial amount of new materials produces a different article with its own distinctive name, character and use; thus, Culturemate is a new, manufactured product which is not exempt under the statute.

■ In paragraph 8 of the stipulation, it is asserted that

"Lactose is composed of milk sugar plus minute traces of protein and ash. It is prepared by condensing sweet cheese whey, which is then caused to crystalize by cooling. The lactose crystals are spun out in a spinner prior to drying and bagging."

Through this processing the original milk sugar has undergone a change; however, as the United States Supreme Court said in Anheuser-Busch Brewing Association v. United States, 207 U.S. 556, 562, 28 S.Ct. 204, 206, 52 L.Ed. 336 (1908):

"Manufacture implies a change, but every change is not manufacture. . . ."

The addition of proteins and ash in "minute traces" is not distinguishable from the addition of vitamin concentrates to milk—a process which the Supreme Court observed did not deprive the end-product of its agricultural exemption. In Frozen Food Express v. United States, 148 F.Supp. 399, 403 (U. S.D.C.Tex.1956), buttermilk was held to be a non-manufactured agricultural commodity. An exemption was granted in that instance notwithstanding the fact that the product had undergone significant processing. Similarly, in converting milk sugar into lactose, without add-ing any substantial amount of extraneous materials, there has been processing, but not, in my opinion, any manufacturing.

Plaintiff's counsel is requested to submit a proposed order for the court's signature after first exhibiting it to defendants' counsel for their approval as to form.